IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARMEN F. LEYBA,

    Plaintiff,

vs.                                                CIV 13-0418 RB/KBM

NEW MEXICO STATE POLICE

Department of Public Safety,

    Defendant.

**CHIEF MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

    **THIS MATTER** comes before the Court, *sua sponte,* because Plaintiff has failed to respond to the Order to Show Cause issued on September 24, 2013.

**Background**

    Shortly after the pro se Plaintiff was served with the Initial Scheduling Order, she sent the Court a letter requesting an extension of the deadlines to secure counsel, which was granted. *Doc. 7, 8 and 11*. There is no indication Plaintiff did not receive that Amended Initial Scheduling Order. However, Plaintiff failed to participate in the preparation of the Joint Status Report and Provisional Discovery Plan ("JSR") forcing Defendant to submit only its portions. *Doc. 10*.

    On September 24, 2013, the Court held the Rule 16 Scheduling Conference, and Plaintiff failed to attend. Consequently, the Court issued an Order to Show Cause requiring Plaintiff to respond by October 1, 2013 and explain why she has failed to attend, whether she intends to continue to prosecute this case, and why she should not be sanctioned for the violation of the Court's Orders. *Doc. 13 at 2*. Plaintiff was additionally warned that if she failed to file a response, the Court could impose sanctions, including dismissal of her case without further notice. *Id.* Plaintiff filed no response to the Order to Show Cause.

**Discussion**

The Court has the inherent power to impose a variety of sanctions on litigants in order to regulate its docket and promote judicial efficiency. *Martinez v. Internal Revenue Serv.*, 744 F.2d 71, 73 (10th Cir. 1984). Federal Rule of Civil Procedure 41(b) states, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Under Rule 41(b), a district court may dismiss an action with prejudice if the plaintiff fails "to comply with [the Federal Rules of Civil Procedure] or any order of court." *Seal v. Young*, 2:10-CV-790 TS, 2012 WL 177544 (D. Utah Jan. 20, 2012) (quoting Fed.R.Civ. P. 41(b)). Although "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991)), "[t]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Id.* (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994)). Plaintiff has failed to follow the rules of procedure that govern this case as recited in the Order to Show Cause. *Doc. 30* at 3–4. Additionally, Plaintiff has failed to comply with the orders of this court by failing to respond to the Order to Show Cause.

A district court may dismiss an action under Rule 41(b) after finding that certain enumerated criteria support a dismissal. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992); *Atlas Resources, Inc. v. Liberty Mut. Ins. Co.*, 2011 WL 10563364 (D.N.M. 2011) (unpublished). The *Ehrenhaus* factors include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id*.

All of the *Ehrenhaus* factors in this case weigh in favor of dismissal. The degree of actual prejudice to the Defendant is great - this case has been pending since May of 2013. *Doc. 1*. The last filing by Plaintiff was on July 11, 2013. *Doc. 7*. Defendants have had to

expend time and money in obtaining counsel, answering the compliant, preparing the JSR, making several attempts to contact Plaintiff in order to move this case forward, and otherwise defend this case.  When a party's legitimate and necessary litigation efforts are thwarted by the opposing party's failure to follow the Rules of Civil Procedure, actually prejudice arises. *See, i.e., Atlas Resources,*\*50; *E.E.O.C. v. Roswell Radio, Inc.*, 2007 WL 5685110, \*13 (D.N.M. 2007) (unpublished).

The amount of interference with the judicial process is also significant, and the culpability of Plaintiff is clear.  Again, Plaintiff has disobeyed the Court's orders by failing to participate in the preparation of the JSR, failing to attend the Rule 16 Scheduling Conference, and failing to respond to the Order to Show Cause. Lesser sanctions would not be effective in this case since apparently Plaintiff has lost interest in the prosecution of this case.  Any sanction the Court could impose short of dismissal would not be effective.

### Recommendation

Since all of the *Ehrenhaus* Factors weigh in favor of dismissal, I recommend that this Court dismiss Plaintiffs' Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 with prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE